```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
LILIANA SANCHEZ,                |
                                |
        Plaintiff               |   COMPLAINT
                                |
                                |   Civil Docket #
        v.                      |
                                |
                                |   PLAINTIFF DEMANDS A TRIAL BY JURY
MetTel Inc., MATTEL, and        |
MANHATTAN TELECOMMUNICATIONS    |
CORPORATION,                    |
                                |
        Defendants              |
                                |
-------------------------------X
```

Plaintiff, LILIANA SANCHEZ ("SANCHEZ" or "Plaintiff"), by and through her undersigned attorneys, files this, her Complaint, against Defendants MetTel Inc., MATTEL, and MANHATTAN TELECOMMUNICATIONS CORPORATION (hereinafter "Defendants").

## INTRODUCTION

1.      Plaintiff brings this action charging that the defendant violated Plaintiff's rights under the Family Medical Leave Act ["FMLA"] and retaliated against her for taking leave under the Family Medical Leave Act to recover lost wages, and an additional amount as liquidated damages, punitive damages, reasonable attorneys' fees and costs.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the court as this action involved a Federal Question under the FMLA. The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This action involves questions of federal law.

3. Venue is proper in this district based upon Defendant's residency within the County of New York, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

4.      At all times material, Plaintiff was and continues to be an individual who resides in Kings County, New York, and is a former employee of the Defendants.

5.      At all times material, Defendants, did and continue to do substantial business in New York County, New York, and engages in commerce or the production of goods for commerce.

6. At all times material, Defendant's wrongful acts and/or omissions occurred within New York County, New York.

7. Defendant employer employs 50 or more employees within 75 miles.

8. Defendant MetTel Inc. is a foreign business entity which does business in New York State.

9. Defendant MATTEL is a foreign business entity which does business in New York State.

10. Defendant MANHATTAN TELECOMMUNICATIONS CORPORATION is a foreign business entity which does business in New York State.

11. Defendant MetTel Inc. is a domestic business entity which does business in New York State.

12. Defendant MATTEL is a domestic business entity which does business in New York State.

13. Defendant MANHATTAN TELECOMMUNICATIONS CORPORATION is a domestic business entity which does business in New York State.

14. At all times material Plaintiff was an employee of Defendant MetTel Inc.

15. At all times material Plaintiff was an employee of Defendant MATTEL.

16. At all times material Plaintiff was an employee of Defendant MANHATTAN TELECOMMUNICATIONS CORPORATION.

17. At all times material Defendant MANHATTAN TELECOMMUNICATIONS CORPORATION did business as Mettel, Inc.

18. At all times material Defendant MANHATTAN TELECOMMUNICATIONS CORPORATION did business as METTEL.

19. Plaintiff has retained the law firm of AKIN & SMITH, LLC to represent her interest in this litigation and has agreed to pay the firm a reasonable fee for its services.

**MATERIAL FACTS**

20. Defendants operates a business at or near 44 Wall Street, New York, NY 10023.

21. Defendants are in the business and operation of telecommunication products and services.

22. On or around March of 2003, Plaintiff began working for Defendants as a Major Account Representative.

23. Plaintiff was later promoted to Supervisor of the Major Accounts Team.

24. Plaintiff's rate of pay was approximately $50,000 per year at the time of termination.

25. Around December of 2004, Plaintiff was experiencing severe vomiting and dizzy spells and sought medical treatment and began having numerous tests conducted on her.

26. At all material times, William Prince was Plaintiff's direct Supervisor.

27. Around March of 2005, Plaintiff found a lump in her abdomen and her doctors began performing tests on said lump.

28. All along, Plaintiff advised her employer of the above.

29. Around April 10, 2005, Plaintiff told her boss, William Prince, that she may have a tumor or a hernia and that she was getting the medical treatment for it and would need some time off.

30. Thereafter William Prince told Plaintiff on numerous

occasions that he needed a manager who he could rely on and he felt that he was unable to rely on plaintiff.

31. Plaintiff told William Prince that she had no control over her health and would make her best efforts to be out of work as little as possible.

32. In all, plaintiff only took an hour "here and there" to leave early to attend her doctor's appointments.

33. Just 2 weeks after plaintiff told Defendant William Prince about her possible tumor and her need to take time off to seek medical treatment, she was terminated by William Prince.

34. Additionally, William Prince avoided contact with Plaintiff for the 2 weeks after she informed him of her condition.

35. William Prince also knew that April 15, 2005 was Plaintiff's birthday and waited until April 23, 2005 to terminate her.

36. Defendants gave plaintiff no reason as to why she was being terminated, other than she was just being laid off and it was not working out.

37. Defendants, through William Prince, told Plaintiff that Defendants "can always find a reason to let someone go."

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. § 2612 of the FMLA states in pertinent part:

- (a) In general
    - (1) Entitlement to leave

        Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

        - (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

        - (B) Because of the placement of a son or daughter with the employee for adoption or foster care.

        - (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

        - (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

**40.** Defendant violated Plaintiff's FMLA rights by failing to provide her with appropriate leave thereunder.

## AS A SECOND CAUSE OF ACTION
## RETALIATION & INTERFERENCE UNDER THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 *ET SEQ*.

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

42. § 2615 of the Act states as follows:

   Prohibited acts

- (a) Interference with rights
    - o (1) Exercise of rights

      It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

    - o (2) Discrimination

      It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

43. Defendant interfered with Plaintiff's rights under the above section and discriminated against Plaintiff and constructively discharged plaintiff from her employment for opposing Defendant's unlawful employment practice and attempting to exercise her rights.

**INJURY AND DAMAGES**

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, health insurance costs, medical bills for herself, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by the FMLA, state common law, and that the Defendants unlawfully harassed, discriminated against, discharged, and retaliated against Plaintiff.
B. Awarding damages to the Plaintiff, retroactive to the date of her discharge and prior, for all lost wages (past and future) and benefits resulting from Defendants' unlawful employment

    practices and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C. Ordering the reinstatement of Plaintiff to her position, and/or future income to the Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits she would have expected to earn during her entire lifetime had it not been for Defendant's unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:   New York, NY
         October 18, 2005

                             **AKIN & SMITH, LLC**

                  By:_____

                     Derek T. Smith


                     Attorneys for Plaintiff
                     305 Broadway
                     Suite 1101
                     New York, NY 10007
                     (212) 587-0760

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
LILIANA SANCHEZ,              |
                              |
        Plaintiff             |     COMPLAINT
                              |
                              |     Civil Docket #
        v.                    |
                              |
                              |
MetTel Inc., MATTEL, and      |
MANHATTAN TELECOMMUNICATIONS   |
CORPORATION,                  |
                              |
        Defendants            |
                              |
------------------------------X
```

---

**COMPLAINT**

---

**AKIN & SMITH, LLC**
Attorneys for Plaintiff
305 Broadway
Suite 1101
New York, NY 10007
(212) 587-0760